IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| FIRE INSURANCE EXCHANGE, a Nevada foreign corporation, | ) ) ) | Case No. 8:16CV158 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| GENERAL ELECTRIC COMPANY, a New York corporation; SAMSUNG ELECTRONICS CO., LTD., a foreign entity, | ) ) ) ) | |
| Defendants. | ) | |

## STIPULATED PROTECTIVE ORDER OF CONFIDENTIALITY

1.     **"Confidential Material."**  As used in this Protective Order, **confidential material** shall refer to information and **records** of any party protected as trade secrets, or commercially sensitive or confidential information pursuant to state and federal law.  Additionally, **confidential materials** shall refer to any of the following containing a party's protected trade secrets, commercially sensitive or confidential information pursuant to state and federal law: (a) documents produced by any Party at any time in this Lawsuit; (b) the Party's interrogatory answers, responses to document requests and responses to requests for admissions; (c) transcripts of depositions or portions of deposition testimony of the Party's employees and/or designees or experts; and (d) other information produced by any Party in the course of this Lawsuit.  Any Party may designate any of the foregoing as "Confidential Material" at the time of or within ten (10) days of its disclosure.  All **confidential material** is the exclusive, inalienable property of the producing party.

2**.**     **"Records."**  As used in this Protective Order, **records** shall mean information, both discrete and cumulative, that is inscribed or otherwise recorded on a tangible medium or that is stored in an electronic or other medium and is retrievable in perceivable form.  **Records** include both electronic records and printed, typewritten, and other tangible records.

3.     **Scope.**  This Protective Order shall govern **confidential material** produced or disclosed by the producing party in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude the producing party's right to:  (a) oppose discovery on grounds not addressed under the terms of this Protective Order; or (b) object on any ground to the admission of any **confidential material** into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to

1

contest the alleged relevancy, admissibility, or discoverability of the **confidential material** sought.

4.  **Designation of Confidential Material.**  The producing party may designate all or any portion of documents, things, and information it produces formally or informally to other parties to this litigation as **confidential material**. The designation of **confidential material** shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "confidential" or "confidential material." **Confidential material** will be Bates stamped, if appropriate. All materials designated as **confidential material** shall be treated as such pursuant to the terms of this Protective Order until further order by the Court.

5.  The inadvertent, unintentional, or in camera production of any **confidential material** shall not, under any circumstances, be deemed a waiver, in whole or in part, of the confidentiality of the **confidential material** in question. If the producing party should inadvertently produce any **confidential material** not responsive to a formal discovery demand and/or an order of the Court, the recipient shall immediately return the **confidential material**, including all copies thereof, to the producing party, and shall make no use of the **confidential material** for any purpose.

6.  **Objection to Designation.** If any party objects to the designation of any record as **confidential material**, that party shall promptly notify all other parties in writing within thirty (30) days receipt of the **confidential material**, specifying the factual and legal basis for the objection. If a dispute arises that cannot be resolved by agreement of the parties within 14 days after the time in which the objection was received, it shall be the obligation of the party designating the information as **confidential material** to file, within 7 days after the 14 day period, an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order Pending such determination (or the expiration of the period in which the producing party may make a challenge to an adverse ruling), the **records** shall be maintained as **confidential material**. In connection with a motion filed under this provision, the party designating the information as confidential material shall bear the burden of establishing that good cause exists for the information to be treated as confidential. If the designating party fails to file a motion within the prescribed time, the disputed information shall lose its designation as **confidential material** and shall not thereafter be treated as **confidential material** in accordance with this Protective Order.

7.  **Access to Confidential Material**.  Access to **confidential material** shall be limited to **authorized persons,** solely in the performance of their duties in connection with trial preparation of this case. **Authorized persons** are:

    (a)     The parties and counsel of record for the parties to the pending civil action articulated above who have consented to this Protective Order and have signed the Promise of Confidentiality;

    (b)     Paralegal, secretarial, administrative, and legal personnel working under the direction and control of those counsel of record and who have consented to this Protective Order and have signed the Promise of Confidentiality;

(c) Outside forensic experts and consultants retained by counsel of record who have first consented to this Protective Order and signed the Promise of Confidentiality and agreed in writing to be bound by its terms (specifically excluding attorneys who are not counsel of record for the parties to this civil action);

(d) A deponent, during the course of his or her examination;

(e) Court reporters who record testimony taken in the course of this litigation;

(f) Copy or computer services for the purpose of copying or indexing documents, provided all **confidential material** is retrieved by the Party furnishing it immediately upon completion of the service; and

(g) Such other persons as may be subsequently designated by either written agreement of the parties after a request by one of them, or by Order of this Court upon motion of any party, after notice to the opposing party.

Access to **confidential material** shall not be given to any person or entity not specifically described above, including to members of the general public. However, nothing in this Protective Order shall prohibit the producing party from utilizing the **confidential material** as it deems appropriate, and any such use by the producing party shall not destroy the confidentiality of the **confidential material** in question.

**Authorized persons** shall not include any organization or entity, or any representative thereof, that regularly maintains and/or disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others.

Under no circumstances shall access to **confidential material** be granted to any competitor of the producing party or employee of any competitor of the producing party. Under no circumstances shall a testifying or consulting expert who works for, or previously worked for, a competitor of the producing party, as either an employee, servant, agent or consultant, disclose **confidential material** to the competitor of the producing party.

8. **Promises of Confidentiality.** Each **authorized person** who receives access to any **confidential material** shall first be given a copy of this Protective Order and advised by the counsel making the disclosure that such person must not divulge any **confidential material** to any other person except in the preparation or trial of this lawsuit, and that such disclosure is limited to **authorized persons**. In accord with *Hartman v. Remington Arms Co.*, 143 F.R.D. 673, 693 (W.D. Mo. 1992), a Promise of Confidentiality is attached as Exhibit A. This Promise of Confidentiality must be signed by each **authorized person** receiving any **confidential material** in advance of receipt. The signed original of each such Promise of Confidentiality shall be provided to counsel of record for the producing party within ten (10) days of execution. In the case of consulting forensic experts, the signed original shall be maintained by the disclosing counsel and provided to counsel for the producing party by the earlier of: (a) ten (10) days after the consulting forensic expert is designated as a testifying expert in this lawsuit; or (b) thirty (30) days after the final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment) if the consulting forensic expert is not designated as a testifying expert.

9.  **Storage of Confidential Material. Authorized persons** shall maintain all **confidential material** in a secure location.  **Confidential material** may not be entered onto any electronic storage system, and may not be transmitted via e-mail or other similar media.  **Authorized persons** shall maintain a record, by Bates number designation, of the quantity of all copies or other reproductions made of each item of **confidential material**.

10.  **Use of Confidential Material.** All **confidential material** shall be used for the purpose of the present, pending lawsuit only.

    (a)  No **confidential material** will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case.  Further, no **confidential material** shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other **records** as a service to its members, subscribers, or others, or the representative of such an organization or entity.

    (b)  If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any party to this Protective Order, or any **authorized person** defined hereunder, that party will immediately notify the producing party's counsel of record, provide the producing party's counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the **confidential material** from being disseminated outside the scope of this Protective Order.

11.  **List of Persons With Access To Confidential Material**.  Counsel for the inspecting party shall maintain a list of the names and addresses of all persons listed in Paragraph 7 of this Protective Order to whom **confidential material** is disclosed and shall promptly make that list available to counsel for the disclosing party.  Counsel for the inspecting party shall promptly provide new versions of the list if and when names are added.  Further, counsel for the inspecting party shall provide a Declaration, attached as Exhibit A, to all persons to whom **confidential materials** are disclosed, for execution.  Counsel for the inspecting party shall provide to counsel for the disclosing party copies or originals of all Declarations executed as soon as practicable after execution.  Except however, that counsel for the inspecting party shall not be obligated to disclose the identity of a person with access to **confidential material** who is an expert not expected to be called at trial. However, in the event the Plaintiffs provide **confidential material** to an expert Plaintiff does not expect to call at trial, counsel for the Plaintiff must promptly notify counsel for the Producing Party that an unidentified non-testifying expert will be shown the **confidential material**.

12.  **Court Records.**  In the event that any **confidential material** is in any way disclosed in any pleading, motion, deposition transcript, videotape, exhibit, photograph, or other material filed with any court, the **confidential material** shall be filed in an attached sealed separate envelope containing the style of the case marked "CONFIDENTIAL MATERIAL Protected by Court Order," dated and kept under seal by the clerk of that court until further court order.  Such **confidential material** shall, however, remain available to personnel authorized by that court and to **authorized persons**.  When practicable, however, only the confidential portion of the

4

pleadings filed with the court will be filed in a separate sealed envelope. If any **confidential material** is furnished to any court by any party, a duplicate copy with the discrete **confidential material** deleted may be substituted in the public record, if appropriate.

13.     **Depositions.** If any **confidential material** is used or referred to during any deposition, counsel for the producing party may require that only its representatives, **authorized persons**, the deponent, the court reporter, and the camera operator (if the deposition is videotaped) shall be present for the portion of the deposition dealing with **confidential material**. Counsel for the producing party may also serve a copy of this Protective Order upon the deponent, the court reporter, and camera operator, and require that each sign the Promise of Confidentiality (Exhibit A) prior to further questioning. Counsel for the producing party may state on the record at the deposition that the deposition includes information claimed to be **confidential material**. Within forty-five (45) days of receipt of the completed deposition transcript, counsel for the producing party shall designate by page and line the portions for which such claim is made, and give written notice of this designation to the court reporter and all other parties. This designation shall be placed on the first page in the original and all copies of the deposition by the court reporter and by counsel for the parties. The designation shall include the style of the case and may follow the form attached as Exhibit B. Pending such designation, the deposition and all exhibits shall be treated in its entirety as **confidential material**. Those portions of the deposition which are designated as **confidential material** shall be bound separately under seal and prominently marked "confidential material subject to Protective Order." The portions of each deposition so designated shall be returned to trial counsel for the producing party within thirty (30) day of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment).

Under no circumstances shall any **confidential material** be viewed by any deponent who is an employee of any competitor of the producing party., or any person who, within the past two years, has been affiliated with, employed by, or consulted with a competitor (or an entity in privity with a competitor) of the producing party's regarding research, development, production, or testing of tires or, over the following two years, expects to be involved in any such employment, affiliation, or consultation.

14.     **Evidence at Trial. Confidential material** may be introduced into evidence at trial, if otherwise admissible, provided that the party seeking to do so shall give sufficient advance notice to the Court and to the parties to allow arrangements to be made for *in camera* treatment of the **confidential material**. In the event that a transcript of the trial is prepared, any party may request that certain portions thereof, which contain trade secrets or other **confidential material**, be filed under seal.

15.     **Inadvertent Disclosure**. Should any **confidential material** be disclosed to any unauthorized persons, through inadvertence of a party or through the act or omission of any person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order; (b) shall be identified immediately to counsel of record for the producing party; and (c) shall be directed if within control of a party, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At the producing party's sole discretion, such unauthorized person may be required to surrender to the producing party all

copies of **confidential material** in such unauthorized person's possession.  The person or entity whose inadvertence caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order.

16. **Return or Destruction of Confidential Material.**  Within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), counsel of record for each party shall either, at the choice of that party and/or its counsel:

   a. Assemble and return to counsel of record for the producing party all **confidential material** produced, including all copies, notes, summaries, renderings, photographs, recordings, electronic storage data, and reproductions of every kind of such **confidential material**.  Any **confidential material** entered on a computer database or other electronic media forbidden by Paragraph 9 of the Protective Order shall also be deleted and written over or reformatted.  Any direct quote from or description of **confidential material** will also be returned to counsel of record for the producing party within thirty (30) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment). Accompanying the return of all **confidential material**, counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) a list of the Bates numbers of all original **confidential material** being returned; (b) a detailed explanation for the failure to return any original **confidential material** that had been produced to said counsel of record; and (c) an itemization of the number of copies being returned of each item of original **confidential material**, as well as an enumeration of the total number of copies ever made of each item of original **confidential material**.  Said cover letter shall not disclose the title or substance of the **confidential material**.  A copy of each such letter shall be filed with the Court.  All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

   b. Alternatively, all **confidential material,** including all copies, notes, summaries, renderings, photographs, recordings, electronic storage data, and reproductions of every kind of such **confidential material,** shall be destroyed in their entirety.  Any **confidential material** entered on a computer database or other electronic media forbidden by Paragraph 9 of the Protective Order shall also be deleted and written over or reformatted. Following the destruction, counsel of record for each party shall provide to counsel of record for the producing party a cover letter which includes: (a) a list of the Bates numbers of all original **confidential material** that were destroyed; (b) a detailed explanation for the failure to destroy any original **confidential material** that had been produced to said counsel of record; and (c) an itemization of the number of copies that were destroyed of each item of original **confidential material**, as well as an enumeration of the total number of copies ever made of each item of original **confidential material**.  Said cover letter shall not disclose the title or substance of the **confidential material**.  A copy of each such letter shall be filed with the Court.  All signed Promises of Confidentiality shall also be forwarded to counsel of record for the producing party as provided in Paragraph 8.

17. **Disclosure of Confidential Material in Other Actions**. If any person subject to this Protective Order ("Recipient") receives a subpoena or discovery demand to copy, inspect, or produce **confidential material**, then the Recipient shall, within five (5) days after receiving the request, provide notice thereof to the Party that designated such material as **confidential material** ("Designating Party"). Upon notice from Recipient, the Designating party shall provide any written objections to the subpoena or discovery demand, which Recipient shall file. Recipient shall not disclose said Confidential Material until either: (a) the Recipient receives written permission from the Designating Party allowing disclosure; or (b) the Recipient is ordered by a court or other tribunal to produce the Confidential Material.

18. **Reservation of Rights**. The Parties agree that the execution of this Protective Order shall not constitute a waiver of any rights existing under any applicable law or court rules, including the attorney-client privilege and the work product doctrine.

19. **Disputes Arising Out of This Agreement**. The Parties agree that money damages for any breach or threatened breach of this Protective Order are inadequate and that, without prejudice to any other rights and remedies otherwise available to them, the Parties shall be entitled to seek and obtain temporary or injunctive relief for any breach or threatened breach of this Protective Order without the necessity of posting a bond.

20. **Jurisdiction**. Any person receiving c**onfidential material** under the terms of this Protective hereby agrees to subject himself or herself to the jurisdiction of this Court for purposes of any proceedings relating to the performance under, compliance with or violations of this Protective Order.

21. **Applicable Law**. This Agreement shall be governed by the laws of Nebraska.

**IT IS SO ORDERED.**

DATED this 31st day of March, 2017.

                                              **BY THE COURT:**

                                              **s/ F.A. Gossett, III**
                                              **United States Magistrate Judge**

## EXHIBIT A

## **PROMISE OF CONFIDENTIALITY**

State of _____ §
§
County of _____ §


1.    My name is _____. I live at _____. I am employed as _____ by _____.

2.    I am aware that a Protective Order of Confidentiality has been entered in the above-referenced lawsuit and a copy of that Protective Order of Confidentiality has been given to me.

3.    I promise that I will use the **confidential materials** as defined under that Protective Order of Confidentiality *only* in connection with assisting counsel of record for the Plaintiffs or Defendants in preparing for litigation of this matter.

4.    I promise that I will not disclose or discuss such **confidential materials** with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case.

5.    I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the **confidential material** produced in this matter for use in other litigation or for any other purpose.

6.    I understand that any use of the **confidential material** I obtain, in any manner contrary to the provisions of the Protective Order of Confidentiality or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

7.    I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order of Confidentiality**.**

8.    I understand that violating the terms of the Protective Order of Confidentiality or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state law and the federal Economic Espionage Act of 1996, 18 U.S.C. §§ 1831 *et seq.*, including imprisonment for a period of up to ten (10) years.

9.    Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to the producing party, through delivery to counsel of record representing Plaintiffs or Defendant in this case, all **confidential material** or any portion or summary thereof, along with my notarized affidavit confirming the return of said **confidential materials** and listing the bates number of each document returned. I promise that under no circumstance will I retain any originals or duplicate of any such **confidential material**. I assume all responsibility for returning the **confidential material** to the

producing party, as set forth herein, and I bear all risks associated with the purported loss, destruction, or inadvertent disclosure of such **confidential material** that has been entrusted to my care.  My failure to return all such **confidential material** and/or to provide the notarized affidavit described above will be deemed a disclosure of the **confidential information** in violation of the Protective Order of Confidentiality and this Promise of Confidentiality, which may subject me to sanctions.  I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____                _____

Signature                                                                                              Date

## EXHIBIT B

**DEPOSITION OF** _____
**THIS** \_\_\_\_\_ **DAY OF** _____**, 20**\_\_

## DESIGNATION OF CONFIDENTIAL MATERIAL

Pursuant to the Court Order dated _____, the following parts of this deposition are designated as confidential:

Signed this \_\_\_\_\_ day of _____, 20\_\_\_.